UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

MARCIA HAMMER, on behalf of herself
and others similarly situated,

    Plaintiff,

v.

BB INSURANCE MARKETING, INC., a Florida Corporation,
and JASON BROWN, individually,

    Defendants.
_____/

## COMPLAINT

1. Plaintiff, MARCIA HAMMER (hereinafter referred to as "Plaintiff"), is an individual residing in Broward County, Florida.

2. Defendants, BB INSURANCE MARKETING, INC., a Florida Corporation, and JASON BROWN, individually (collectively referred to as "Defendants"), have at all times material to this Complaint owned and operated a business specializing in commercial and personal insurance, with Defendants' office located at 10167 W. Sunrise Boulevard, 3rd Floor, Plantation, Florida 33322 in Broward County, within the jurisdiction of this Court.

3. Defendant, JASON BROWN, has at all times material to this Complaint owned and managed BB INSURANCE MARKETING, INC. and Defendant BROWN has regularly exercised the authority to hire and fire employees including Plaintiff, determined the manner in which Plaintiff and other employees were compensated, determined how Plaintiff and other employees' hours worked were tracked or recorded, set the rates of pay of Plaintiff and other employees, and/or controlled or participated in the financial management and day-to-day operations of BB

1

INSURANCE MARKETING, INC. By virtue of such control and authority, Defendant BROWN is an employer of Plaintiff and the other employees of BB INSURANCE MARKETING, INC. similarly situated to Plaintiff as defined by the FLSA, 29 U.S.C. §203(d).

4. Plaintiff brings this action on behalf of herself[1] and other current and former employees of Defendants similarly situated to Plaintiff who have worked as Customer Service Representatives, a/k/a Customer Support Team Members and Account Managers, however variously titled, for unpaid overtime wages, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b).

5. Jurisdiction is conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §1337 & §1367.

6. A substantial part of the events giving rise to this action occurred in Broward County, Florida within the jurisdiction of the United States District Court for the Southern District of Florida.

7. At all times material to this Complaint including but not necessarily limited to during the years of 2017, 2018, 2019, and 2020, BB INSURANCE MARKETING, INC. has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce. In this regard, Plaintiff alleges based upon information and belief and subject to discovery, that at all times material to this Complaint including during the years 2017, 2018, 2019, and 2020, BB INSURANCE MARKETING, INC. has employed two (2) or more employees who, *inter alia*, have regularly: (a) handled and worked with office equipment such as copiers, scanners, faxes, computers and telephones, as well as supplies such as paper, pens, U.S. Postal Service & FedEx shipping materials, all of which were

---

[1] Attached hereto is a signed Consent to Join of MARCIA HAMMER.

goods and/or materials moved in or produced for commerce; and (b) processed and participated in electronic bank and wire transfers, credit card and online payments, and other financial transactions across State lines between Florida and other States across the United States for Defendants' customers (insureds) and various insurance carriers.

8. Based upon information and belief, the annual gross sales volume of BB INSURANCE MARKETING, INC. has been in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years of 2017, 2018, 2019, and 2020.

9. At all times material to this Complaint, including but not necessarily limited to during the years of 2017, 2018, 2019, and 2020, BB INSURANCE MARKETING, INC. has constituted an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

10. During the three (3) year statute of limitations period between approximately late January 2017 and early January 2020, Plaintiff worked for Defendants as a Customer Service Representative, a/k/a Customer Support Team Member, based upon average gross weekly wages for Forty (40) hours of work as follows: (a) $1,250.00 per week until approximately mid-March 2017; (b) $1,281.25 per week between mid-March 2017 and mid-April 2018; (c) $1,306.88 per week between mid-April 2018 and late February 2019; and (d) $1,428.27 per week between late February 2019 and early January 2020.

11. Throughout the three (3) year statute of limitations period between approximately January 2017 and January 2020, Plaintiff's primary duties as a Customer Service Representative, a/k/a Customer Team Support Member, for Defendants consisted of the following non-exempt tasks: answering the phones, working with agents, processing insurance policy renewals, and

carrying out ministerial, clerical support work for insureds' policies and Defendants' insurance business.

12. The additional persons who may become Plaintiffs in this action are Defendants' current and former misclassified salaried Customer Service Representatives, a/k/a Customer Support Team Members and Account Managers, however variously titled, who have worked for Defendants at any location in one or more weeks between January 2017 and the present without being paid time and one-half wages for all of their actual hours worked in excess of Forty (40) hours per week for Defendants.

13. During numerous work weeks within the three (3) year statute of limitations period between approximately late January 2017 and December 2019, Plaintiff regularly worked in excess of Forty (40) hours per week for Defendants while performing primary duties that were non-exempt for the benefit of Defendants.

14. Likewise, the other employees of Defendants who are similarly situated to Plaintiff have regularly worked as Customer Service Representatives, a/k/a Customer Support Team Members and Account Managers, however, variously titled, in excess of Forty (40) hours in one or more work weeks for Defendants within the three (3) year statute of limitations period between January 2017 and the present.

15. However, Defendants have failed to pay time and one-half wages for the overtime hours worked by Plaintiff and the other similarly situated Customer Service Representatives, a/k/a Customer Support Team Members and Account Managers, however variously titled, for all of their actual overtime hours worked during multiple work weeks within the three (3) year statute of limitations period between January 2017 and the present.

16. The primary job duties performed by Plaintiff and the other similarly situated Customer Service Representatives, a/k/a Customer Support Team Members and Account Managers, however variously titled, for Defendants between January 2017 and the present *did not* involve the exercise of independent judgment nor were their primary duties administrative tasks that involved exercising discretion for Defendants' general business operations.

17. Likewise, the primary duties and work performed by Plaintiff and the other similarly situated Customer Service Representatives, a/k/a Customer Support Team Members and Account Managers, however variously titled, for Defendants between January 2017 and the present have required little skill and no capital investment, as these duties *did not* substantially include managerial responsibilities or the exercise of independent judgment with respect to matters of significance in the operation of Defendants' administrative operations.

18. Instead, Plaintiff and the other similarly situated Customer Service Representatives, a/k/a Customer Support Team Members and Account Managers, however variously titled, have devoted the majority of their working time for Defendants within the three (3) year statute of limitations period between January 2017 and the present to performing customer service work other ministerial, clerical tasks for Defendants.

19. Finally, the primary duties of Plaintiff and the other similarly situated Customer Service Representatives, a/k/a Customer Support Team Members and Account Managers, however variously titled, for Defendants during the three (3) year statute of limitations period between January 2017 and the present *was not* management of any department(s) or division(s) of Defendants, and Plaintiff and the other similarly situated employees had no authority to—and in fact *did not*—interview, hire, discipline, or fire employees of Defendants.

20. During the three (3) year statute of limitations period between approximately January 2017 and January 2020, Plaintiff regularly worked Six (6) to Seven (7) days per week for Defendants with a start time Monday through Friday of between approximately 8:15-8:30 a.m. on and stop times that ranged between approximately 6:00-8:30 p.m., along with Saturdays and Sundays on which Plaintiff's start time was regularly between 11:00 a.m. to 12:00 p.m. and with stop times that ranged between approximately 4:00-8:00 p.m., regularly working anywhere between approximately Sixty (60) to Seventy (70) hours per week.

21. However, Defendants have failed to pay time and one-half wages for all of the hours that Plaintiff and other Customer Service Representatives, a/k/a Customer Support Team Members and Account Managers, however variously titled, worked in excess of Forty (40) hours per week for Defendants in numerous work weeks during the three (3) year statute of limitations period between January 2017 and the present as required by the Fair Labor Standards Act.

22. Subject to discovery, based upon Defendants paying Plaintiff average gross weekly wages for Forty (40) hours per week of (a) $1,250.00 per week between approximately January 2017 and mid-March 2017; (b) $1,281.25 per week between mid-March 2017 and mid-April 2018; (c) $1,306.88 per week between mid-April 2018 and late February 2019; and (d) $1,428.27 per week between late February 2019 and December 2019, and based upon Plaintiff being owed an average of approximately Twenty (20) uncompensated overtime hours per week from Defendants during a total of approximately One Hundred and Forty-Four (144) work weeks between January 2017 and December 2019, if Plaintiff's unpaid overtime wages are found to be due and owing at the time and one-half rates of $46.88/hour [$1,250.00/40 hours = $31.25/hour x 1.5 = $46.88/hour], $48.05/hour [$1,281.25/40 hours = $32.03/hour x 1.5 = $48.05/hour], $49.01/hour [$1,306.88/40 hours = $32.67/hour x 1.5 = $49.01/hour], and $53.56/hour [$1,428.27/40 hours = $35.71/hour x

1.5 = $53.56/hour], Plaintiff's unpaid overtime wages total approximately **$143,490.77** [(2017: (i) $46.88/hour x 20 OT hours/week x 6.0 weeks = $5,625.00 + (ii) $48.05/hour x 20 OT hours/week x 40 weeks = $38,437.50) + (2018: (i) $48.05/hour x 20 OT hours/week x 14 weeks = $13,453.13 + (ii) $49.01/hour x 20 OT hours/week x 36 weeks = $35,285.76) + (2019: $49.01/hour x 20 OT hours/week x 8 weeks = $7,841.28 + (ii) $53.56/hour x 20 OT hours/week x 40 weeks = $42,848.10) = $143,490.77]. In the alternative, if Defendants were to be able to demonstrate that the FLSA's "fluctuating workweek method," 29 C.F.R. §778.114, governs the calculation of Plaintiff's unpaid overtime wages on a half-time basis, Plaintiff's unpaid overtime wages total approximately **$31,886.84** [(2017: (i) $1,250.00/60 hours = $20.83/2 = $10.42/hour x 20 OT hours/week x 6 weeks = $1,250.00 + (ii) $1,281.25/60 hours = $21.35/2 = $10.68/hour x 20 OT hours/week x 40 weeks = $8,541.67) + (2018: (i) $10.68/hour x 20 OT hours/week x 14 weeks = $2,989.58 + (ii) $1,306.88/60 hours = $21.78/2 = $10.89/hour x 20 OT hours/week x 36 weeks = $7,841.28) + (2019: (i) $10.89/hour x 20 OT hours/week x 8 weeks = $1,742.51 + (ii) $1,428.27/60 hours = $23.80/2 = $11.90/hour x 20 OT hours/week x 40 weeks = $9,521.80) = $31,886.84].

23. Based upon information and belief, Defendants have failed to maintain contemporaneous and accurate records of the all of the actual start times, stop times, number of hours worked each day, and total hours actually worked each week by Plaintiff and other Customer Service Representatives, a/k/a Customer Support Team Members and Account Managers, however variously titled, during each week between approximately January 2017 and the present as required by the FLSA, 29 C.F.R. §516.2(a)(7).

24. Defendants had knowledge of the hours worked in excess of Forty (40) hours per week by Plaintiff and other Customer Service Representatives, a/k/a Customer Support Team Members and Account Managers, however variously titled, during each week between January

2017 and the present but Defendants have willfully failed to compensate Plaintiff and the other similarly situated employees for all of their actual overtime hours worked for Defendants, instead accepting the benefits of the work performed by Plaintiff and other employees without the overtime compensation required by the FLSA, 29 U.S.C. §207.

25. The complete records reflecting the compensation paid by Defendants to Plaintiff and all other Customer Service Representatives, a/k/a Customer Support Team Members and Account Managers, however variously titled, between January 2017 and the present are in the possession, custody, and/or control of Defendants.

## COUNT I
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

26. Plaintiff, MARCIA HAMMER, readopts and realleges the allegations contained in Paragraphs 1 through 25 above.

27. Plaintiff is entitled to be paid time and one-half of her applicable regular rates of pay for each hour he worked for Defendants as a non-exempt employee in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between approximately January 2017 and December 2019.

28. All similarly situated Customer Service Representatives, a/k/a Customer Support Team Members and Account Managers, however variously titled, of Defendants are also entitled to be paid time and one-half of their applicable regular rates of pay for each and every overtime hour they worked for Defendants at any location but were not properly compensated for working on Defendants' behalf during any work weeks within the three (3) year statute of limitations period between January 2017 and the present.

29. Defendants knowingly and willfully failed to pay Plaintiff and other Customer Service Representatives, a/k/a Customer Support Team Members and Account Managers, however

variously titled, however variously titled, similarly situated to her at time and one-half of their applicable regular rates of pay for all hours worked for Defendants in excess of Forty (40) per week between January 2017 and the present.

30. At all times material to this Complaint, Defendants had constructive and actual notice that Defendants' compensation practices did not provide Plaintiff and other Customer Service Representatives, a/k/a Customer Support Team Members and Account Managers, however variously titled, with time and one-half wages for all of their actual overtime hours worked between January 2017 and the present based upon, *inter alia*, Defendants knowingly failing to pay time and one-half wages for all of the actual hours worked in excess of Forty (40) hours per week by Plaintiff and other similarly situated employees.

31. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those similarly situated to her) have suffered damages plus incurring costs and reasonable attorneys' fees.

32. Based upon information and belief, at all times material to this Complaint, Defendants did not have a good faith basis for their failure to pay time and one-half wages for all of the actual hours worked by Plaintiff and other Customer Service Representatives, a/k/a Customer Support Team Members and Account Managers, however variously titled, as a result of which Plaintiff and those similarly situated to her are entitled to the recovery of liquidated damages from Defendants pursuant to 29 U.S.C. §216(b).

33. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

34. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, MARCIA HAMMER, and any current or former employees similarly situated to her who join this action as Opt-In Plaintiffs, demand judgment against Defendants, jointly and severally, BB INSURANCE MARKETING, INC. and JASON BROWN, for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

### JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated:  January 30, 2020                                Respectfully submitted,

By:     **KEITH M. STERN**
Keith M. Stern, Esquire
Florida Bar No. 321000
E-mail:  employlaw@keithstern.com
LAW OFFICE OF KEITH M. STERN, P.A.
80 S.W. 8th Street, Suite 2000
Miami, Florida 33130
Telephone:  (305) 901-1379
Attorneys for Plaintiff

## CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendants, **BB Insurance Marketing, Inc. and Jason Brown**, as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2. I hereby designate the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims. I agree to be bound by any settlement approved by the Court and any adjudication by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendants, or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

_/s/ M.H._____

Marcia Hammer