UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-60204-CIV-Valle

CONSENT CASE

MARCIA HAMMER, on behalf of herself
and others similarly situated,

    Plaintiff,

v.

BB INSURANCE MARKETING, INC., a Florida Corporation,
and JASON BROWN, individually,

    Defendants.
_____/

**JOINT MOTION FOR APPROVAL OF
CONFIDENTIAL SETTLEMENT AGREEMENT AND
DISMISSAL WITH PREJUDICE BASED ON *IN CAMERA* INSPECTION**

Plaintiff, MARCIA HAMMER ("Plaintiff"), and Defendants, BB INSURANCE MARKETING, INC. ("BBIM") and JASON BROWN ("Defendants"), hereby file this Joint Motion for Approval of Parties' Confidential Settlement Agreement and Dismissal with Prejudice based on *in camera* review and respectfully state as follows:

1. This is an action that was filed in January 2020 under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §207, in which Plaintiff alleged she was "misclassified" as an exempt employee in BBIM's insurance business and Plaintiff claimed she was owed overtime wages in connection with work Plaintiff performed for BBIM between approximately late January 2017 and early January 2020.

2. Defendants have at all times denied, and Defendants continue to deny, Plaintiff's allegations and Defendants dispute the validity of Plaintiff's claims because, *inter alia*: (a) Plaintiff was properly classified as exempt as a "Commercial Lines Account Manager" in

accordance and compliance with the United States Department of Labor's ("DOL") published opinion letters, the guidance/test for the administrative exemption under section 13(a)(1) of the FLSA, and BBIM's counsel's review and guidance regarding classification of employees as exempt or non-exempt; (b) Plaintiff did not work in excess of Forty (40) hours per week as she claimed and instead was properly paid for all hours worked; and (c) Plaintiff could not have proven any entitlement to the recovery of liquidated damages or attorneys' fees.

3.  Despite the parties' differences, after conducting extensive discovery and participating in both a Settlement Conference and a subsequent, full day Mediation with Mediator Neil Flaxman, the parties have reached a compromise resolution of this matter and entered into a Confidential Settlement Agreement. Because of the nature of Plaintiff's FLSA claims, the parties' Confidential Settlement Agreement requires Court approval in order to become effective under the FLSA. *See Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352 (11th Cir. 1982).

4.  To avoid the uncertainties of further litigation up through the filing of cross motions for summary judgment and a potential trial and/or appeals, as well as continued attorneys' fees and costs, the parties negotiated a compromise resolution as set forth in their Confidential Settlement Agreement. In this regard, despite the possibility that Plaintiff could have obtained zero recovery in this case had Defendants' exemption defenses prevailed as a matter law, under the parties' settlement, Plaintiff will receive consideration that involves certainty and produces closure in this matter, while Plaintiff's claims for attorneys' fees and costs in this litigation have also been resolved under a compromise that ensures Plaintiff has no out of pocket expense for either fees or costs.

5.  The parties respectfully submit that the Confidential Settlement Agreement in this case represents a fair and reasonable compromise of disputed claims with respect to liability and any potential damages Plaintiff could have recovered had the litigation in this case continued. Throughout the entirety of this case between January 2020 and August 2020, Plaintiff was

represented by competent counsel with significant experience in FLSA claims, and as part of the resolution of the instant litigation Plaintiff's Counsel has agreed to waive a substantial portion of the attorneys' fee time (lodestar) incurred in representing Plaintiff herein as part of the parties' resolution. Likewise, Defendants were also represented by experienced labor and employment counsel throughout this process.

6. Finally, the parties are, simultaneous with the filing of the instant Motion, submitting their Confidential Settlement Agreement via e-mail to the chambers of the Honorable Magistrate Judge Alicia Valle for *in camera* review, such that upon approval of the Confidential Settlement Agreement, the parties respectfully request the Court dismiss this action with prejudice while retaining jurisdiction for Thirty (30) days to enforce the terms of the Settlement Agreement.

WHEREFORE, Plaintiff, MARCIA HAMMER, and Defendants, BB INSURANCE MARKETING, INC. and JASON BROWN, respectfully request that the Court enter an Order: (1) approving the terms of the parties' Confidential Settlement Agreement, (2) dismissing this action with prejudice, and (3) retaining jurisdiction for Thirty (30) days to enforce the terms of the Settlement Agreement.

Respectfully submitted this 10th day of September 2020.

| s/KEITH M. STERN | s/DORI K. STIBOLT |
|---|---|
| Keith M. Stern, Esquire | Dori K. Stibolt |
| Florida Bar No. 321000 | Florida Bar No. 183611 |
| E-mail: employlaw@keithstern.com | E-mail: dstibolt@foxrothschild.com |
| LAW OFFICE OF KEITH M. STERN, P.A. | FOX ROTHSCHILD LLP |
| 80 S.W. 8th Street, Suite 2000 | 777 South Flagler Drive |
| Miami, Florida 33130 | Suite 1700 West Tower |
| Telephone: (305) 901-1379 | West Palm Beach, FL 33401 |
| Facsimile: (561) 288-9031 | Telephone: (561) 835-9600 |
| Attorneys for Plaintiff | Facsimile: (561) 835-9602 |
| | Attorneys for Defendants |